UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BURNELL MARLEY,

　　　　　Plaintiff,

　　v.

UNITED STATES OF AMERICA,

　　　　　Defendant.

Case No. C06-0366RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by the United States (Dkt. #18) for lack of subject matter jurisdiction. Plaintiff alleges medical negligence by healthcare providers employed by the Department of Veterans Affairs ("VA"). The United States argues that plaintiff failed to file this lawsuit within the time period required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b).

For the reasons set forth below, the Court grants the motion.

## II. DISCUSSION

**A.　Background Facts.**

Plaintiff Michael Marley was an active member of the Unites States Armed Forces

ORDER GRANTING
MOTION TO DISMISS - 1

and was therefore entitled to receive medical care at VA medical facilities. Plaintiff received treatment for prostate cancer at The Puget Sound Healthcare System Hospital ("VHS") in Seattle beginning in March 2001. Shortly thereafter, he underwent brachytherapy at the VHS. Plaintiff alleges that he experienced serious complications from the procedure, and as a result, he suffers from permanent disability, disfigurement, and extreme pain.

Plaintiff filed an administrative claim with the VA in February 2004. The claim was formally denied on October 22, 2004.

Plaintiff filed a lawsuit in this district on March 3, 2005. Michael B. Marley v. United States, C05-348RSM (W.D. Wash. 2005) ("Marley I"). On January 3, 2006, the court granted plaintiff's counsel's motion to withdraw and advised plaintiff that he would be responsible for pursuing his action unless and until new counsel entered an appearance. The government's attorney sent plaintiff a letter, dated January 27, 2006, stating, "I was told by the staff in our Tacoma office that you might be interested in dismissing your case." Exhibit to Plaintiff's Amended Response. The letter included a stipulation of dismissal without prejudice. The government's attorney sent plaintiff a second letter dated February 14, 2006 following up on the earlier letter and noting that deadlines in the case were approaching, including an April 10, 2006 deadline to disclose expert witnesses. The February letter stated, "If you intend to keep litigating your case, I would appreciate it if you could please let me know, so that I can work on it and meet my side of the deadlines." Id. On February 22, 2006, plaintiff and the United States filed a stipulation to dismiss. The court approved the stipulation and dismissed Marley I without prejudice on February 27, 2006.

Plaintiff filed his complaint in this case on March 15, 2006. The complaint is

ORDER GRANTING
MOTION TO DISMISS - 2

based on the same administrative claim as Marley I.

**B.     Applicable Standards.**

The relevant statutory provision provides, "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).  As an initial matter, the government has filed its motion under Rule 12(b)(1), arguing that the FTCA's time limits are jurisdictional.  However, recent cases have explained that "'federal statutory time limitations on suits against the government are not jurisdictional in nature.'" Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 770 (9th Cir. 1997) (analyzing 28 U.S.C. § 2401(a)) (quoting Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir. 1994) and citing Irwin v. Department of Veterans Affs., 498 U.S. 89 (1990)).  Although some requirements for suing the government are jurisdictional, a statute of limitations that "does not speak of jurisdiction, but erects only a procedural bar" is not jurisdictional. Cedars-Sinai Med. Ctr., 125 F.3d at 770 (citing Irwin, 498 U.S. at 95) (additional citations omitted).  Section 2401(b) speaks only of time limitations, and therefore does not erect a jurisdictional bar. Accordingly, this motion is more appropriately considered as one to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (explaining that the government's motion to dismiss for failure to comply with a statute of limitations in an IRS statute should have been filed as a Rule 12(b)(6) motion rather than a Rule 12(b)(1) motion).  Because both parties filed documents outside the pleadings, and the Court has considered those filings, the Court construes this motion as one for summary judgment.

On a motion for summary judgment, the Court must "view the evidence in the light

ORDER GRANTING
MOTION TO DISMISS - 3

most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

In this case, plaintiff has not identified any facts in dispute. Instead, his memorandum focuses on the legal import of those facts.

**C.   Analysis.**

Plaintiff does not dispute the applicability of the six-month statute of limitations or that he filed this lawsuit after it expired. Instead, he argues that he should be allowed to pursue this lawsuit under the doctrines of equitable estoppel or equitable tolling.

**1.   Equitable Estoppel.**

Equitable estoppel includes four elements:

(1) The party to be estopped must know the fact; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

Watkins v. Unites States Army, 875 F.2d 699, 709 (9th Cir. 1989) (internal citations and quotation omitted). Two additional factors must apply before the government will be estopped. Specifically, "'[a] party seeking to raise estoppel against the government must establish 'affirmative conduct going beyond mere negligence'; even then, 'estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability.'" Id. at 707 (quoting Wagner v. Dir., FEMA, 847 F.2d 515, 519 (9th Cir. 1988) (quoting Morgan v.

ORDER GRANTING
MOTION TO DISMISS - 4

Heckler, 779 F.2d 544, 545 (9th Cir. 1985))). "There is no single test for determining the presence of affirmative misconduct; each case must be decided on its own particular facts and circumstances." Id. It does not require an affirmative misrepresentation, affirmative concealment of a material fact by the government, or government intent to mislead a party. Id. (finding misconduct where the military repeatedly and affirmatively misrepresented to a service member that he was qualified for reenlistment even though he was not, eventually leading to the loss of his distinguished military career).

In this case, plaintiff cannot meet the third element of the test because he was not ignorant of the relevant facts. The VA's letter denying his claim explicitly informed him that a lawsuit "must be initiated within 6 months" after the letter was mailed. Motion to Dismiss, Ex. A. Although plaintiff states in his declaration that he did not recall having "knowledge or possession" of the letter, the letter was sent to his attorney, and notice to his counsel constitutes notice to him. See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (explaining that a client is "considered to have notice of all facts, notice of which can be charged upon the attorney") (internal citation and quotation omitted); see also Jones v. Stevedoring Co. v. Dir., OWCP, 133 F.3d 683, 689 (9th Cir. 1997) (imputation of knowledge from attorney to client is "bedrock" principle of representative litigation).

In addition to plaintiff's imputed knowledge of the facts, equitable estoppel is unwarranted because the government did not engage in affirmative misconduct. The facts do not support plaintiff's implication that the government took advantage of him. Notably, the correspondence indicates that *plaintiff* initiated discussions about dismissing his case. As plaintiff readily admits, he sought the dismissal to obtain additional time to retain an expert. Although plaintiff alleges that he was on narcotic pain medication at the

ORDER GRANTING
MOTION TO DISMISS - 5

time, there is nothing in the record to indicate that the government's counsel was aware of that or that plaintiff was incapable of representing himself.

Plaintiff also argues that he was "actively mislead" because the government's January 27, 2006 letter stated that the dismissal would be without prejudice, but in fact his claim is now time barred. Although the ultimate effect of the dismissal might be the same as a dismissal with prejudice, Marley I was dismissed without prejudice. Plaintiff further argues that the government misled him by writing that the dismissal without prejudice meant that he "could (in theory) bring [a lawsuit] again at a later date." He alleges that the statement was misleading because "there is no theory by which suit could ever be filed again." Plaintiff's Response at p. 7. In fact, plaintiff has refiled his suit, and is currently asserting that it can proceed under two theories.

In a factually similar case, the court upheld the dismissal of plaintiff's claim because she initially filed it in a timely manner, then agreed to dismiss it, then refiled it after the statute of limitations had run. Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998). The court declined to apply equitable estoppel, even though the government's attorney had not informed plaintiff of the statute of limitations and represented to her that the action "would be voluntarily dismissed until Ms. Lehman's medical condition had stabilized, at which point settlement negotiations would resume." Id. at 1012. Plaintiff argues that Lehman is distinguishable because the statute of limitations had not yet run when Ms. Lehman executed the stipulation and she was represented by counsel at that time. Neither factor alters the result here. There was nothing inappropriate about the government's counsel writing to plaintiff to follow up on his expressed interest in dismissing his lawsuit, and defendant was not obligated to advise him of the statute of limitations. Id. at 1017 (explaining that "an omission to give advice

ORDER GRANTING
MOTION TO DISMISS - 6

1  is insufficient conduct to support equitable estoppel against the government") (internal
2  citation omitted).  Nevertheless, the January 2006 letter stated, "please be aware that even
3  if you dismiss now 'without prejudice,' there may be other factors, such as statutes of
4  limitations, that could limit or bar your ability to bring this case again."  Exhibit to
5  Plaintiff's Amended Response.  Under these facts, the government did not misrepresent
6  facts, mislead plaintiff, or engage in affirmative misconduct.  Equitable estoppel is not
7  warranted.

**2.     Equitable Tolling.**

9  While equitable estoppel focuses on the nature of defendant's conduct, equitable
10  tolling focuses "*on the plaintiff's* excusable ignorance of the limitations period."
11  Lehman, 154 F.3d at 1016 (emphasis in original).  As the Supreme Court has explained,
12  the doctrine has been applied "only sparingly" in "situations where the claimant has
13  actively pursued his judicial remedies by filing a defective pleading during the statutory
14  period, or where the complainant has been induced or tricked by his adversary's
15  misconduct into allowing the filing deadline to pass."  Irwin, 498 U.S. at 96 (declining to
16  apply equitable tolling where plaintiff missed the filing deadline because his attorney was
17  out of the office when the agency's notice was sent; explaining that equitable tolling does
18  not apply to "garden variety" excusable neglect).

19  Certainly, the fact that plaintiff was proceeding *pro se* at the time he sought to
20  dismiss Marley I weighs in favor of applying equitable tolling, although it is not
21  dispositive.  See, e.g., Washington, 10 F.3d at 1437 (dismissing time barred claims
22  despite plaintiff's *pro se* status).  Plaintiff could have sought legal advice about the effect
23  of the dismissal, but apparently chose not to do so.  The Court also considers the lack of
24  government misconduct and plaintiff's presumed knowledge of the six-month limitations

ORDER GRANTING
MOTION TO DISMISS - 7

1  period, which weigh against equitable tolling.  Furthermore, plaintiff did not file a
2  defective pleading during the statutory period.  Instead, he voluntarily dismissed his
3  timely pleading for strategic reasons, to gain additional time to locate an expert.  If
4  equitable tolling "is not available to avoid the consequences of one's own negligence,"
5  Lehman, 154 F.3d at 1016, it follows that it should not be available to avoid the
6  consequences of one's own strategic decisions, even if they are misguided.

7  Unfortunately for plaintiff, the result of failing to apply an equitable remedy is
8  harsh.  Because plaintiff has filed this lawsuit outside the limitations period, it is barred
9  as untimely.  However, waivers of the government's sovereign immunity are strictly
10 construed.  See, e.g., Irwin, 498 U.S. at 94.  In addition, the inability to pursue otherwise
11 valid claims is the "very purpose" of statutes of limitations.  United States v. Kubrick,
12 444 U.S. 111, 125 (1979) (finding that plaintiff's FTCA claim was barred by the statute
13 of limitations).

### III. CONCLUSION

15 For all of the foregoing reasons, the Court GRANTS defendant's motion to
16 dismiss. (Dkt. #18).  The Clerk of the Court is directed to enter judgment in favor of
17 defendant and against plaintiff.

19 DATED this 2nd day of November, 2006.

*signature*

Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 8