UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BURNELL MARLEY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. C06-0366RSL

ORDER GRANTING MOTION FOR PARTIAL RECONSIDERATION

This matter comes before the Court on the United States' motion for partial reconsideration of the Court's November 2, 2006 order granting its motion to dismiss (Dkt. #24, the "Order"). The United States contends that the Court properly dismissed plaintiff's case but erroneously noted that the time limit contained in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b) is not jurisdictional. The United States argues that the finding was not necessary to the decision. Plaintiff filed a response to the motion, arguing that the Court did not err.

The applicable portion of the Order stated:

> The relevant statutory provision provides, "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). As an initial matter,

ORDER - 1

1  the government has filed its motion under Rule 12(b)(1), arguing that the FTCA's
time limits are jurisdictional.  However, recent cases have explained that "'federal
2  statutory time limitations on suits against the government are not jurisdictional in
nature.'"  <u>Cedars-Sinai Med. Ctr. v. Shalala</u>, 125 F.3d 765, 770 (9th Cir. 1997)
3  (analyzing 28 U.S.C. § 2401(a)) (quoting <u>Washington v. Garrett</u>, 10 F.3d 1421,
1437 (9th Cir. 1994) and citing <u>Irwin v. Department of Veterans Affs.</u>, 498 U.S.
4  89 (1990)).  Although some requirements for suing the government are
jurisdictional, a statute of limitations that "does not speak of jurisdiction, but
5  erects only a procedural bar" is not jurisdictional.  <u>Cedars-Sinai Med. Ctr.</u>, 125
F.3d at 770 (citing <u>Irwin</u>, 498 U.S. at 95) (additional citations omitted).  Section
6  2401(b) speaks only of time limitations, and therefore does not erect a
jurisdictional bar.  Accordingly, this motion is more appropriately considered as
7  one to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See, e.g.</u>,
<u>Supermail Cargo, Inc. v. United States</u>, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995)
8  (explaining that the government's motion to dismiss for failure to comply with a
statute of limitations in an IRS statute should have been filed as a Rule 12(b)(6)
9  motion rather than a Rule 12(b)(1) motion).

10 Order at p. 3.  Based on the cited and other relevant authority, the Court does not believe

11 that it erred in concluding that Section 2401(b) does not erect a jurisdictional bar.

12 However, the United States correctly notes that the Ninth Circuit has not specifically

13 ruled on the issue.  Furthermore, resolution of whether the time limit in Section 2401(b)

14 is jurisdictional is not necessary to the holding in the Order.  Regardless of whether the

15 motion is construed as a Rule 12(b)(1) motion to dismiss for lack of jurisdiction or a Rule

16 12(b)(6) motion, the outcome is the same.

17      Accordingly, the United States' motion for partial reconsideration (Dkt. #26) is

18 GRANTED.  The Court vacates the Order's finding that Section 2401(b) does not erect a

19 jurisdictional bar.

20      DATED this 29th day of November, 2006.

21

22

23                              /s/ Robert S. Lasnik
                                Robert S. Lasnik
24                              United States District Judge

25

26 ORDER - 2